Michael H. HOLLAND; Thomas O.S. Rand; William P. Hobgood; Marty D. Hudson; Elliot S. Segal; Gail R. Wilensky; Carl E. Vanhorn, as Trustees of the United Mine Workers of America Combined Benefit Fund,

and

Michael H. Holland; A. Frank Dunham; Marty D. Hudson; Elliot A. Segal, as Trustees of the United Mine Workers of America 1992 Benefit Plan,

v.

ATLAS ALLOYS COMPANY, INC.; Crescent Hills Coal Company, Inc.; Atlas Fabco, Inc.; Canon Coal Co., Appellants.

No. 00–3889.

United States Court of Appeals, Third Circuit.

Submitted Feb. 28, 2002.

Decided May 7, 2002.

Before ROTH and FUENTES, Circuit Judges, and KATZ,* District Judge.

## OPINION

ROTH, Circuit Judge.

Defendants appeal the order of the United States District Court for the Western District of Pennsylvania, granting

---

* Honorable Marvin Katz, District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

plaintiffs' motion for summary judgment. This appeal arises from an action originally brought under the Coal Industry Retiree Health Benefit Act of 1992. See 28 U.S.C. §§ 9701–9722. Plaintiffs, as trustees of the United Mine Workers of America (UMWA) Combined Benefit Fund and the UMWA 1992 Benefit Plan, brought this action to collect from the defendants, jointly and severally, alleged delinquent beneficiary payments due to the plans. On October 20, 2000, the District Court granted the plaintiff's motion for summary judgment and ordered the defendants to make delinquent payments and to pay interest, liquidated damages, and reasonable attorney's fees and costs. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

On appeal, the defendants first contend that the plaintiffs' case was barred pursuant to a prior settlement agreement between the parties. This contention is based on a 1994 Settlement Agreement entered into between the Trustees of the UMWA 1950 and 1974 Pension Plans and Crescent Hills Coal Company, Inc., Atlas Alloys Company, Inc., and Atlas Fabco Inc. While the 1950 and 1974 Benefit plans did merge to form the UMWA Combined Benefit Fund as a result of the Coal Act, the 1950 and 1974 Pension Plans still exist, separate from one another and separate from the Combined Fund and the 1992 Plan. This case involves the UMWA Combined Benefit Fund and the UMWA 1992 Benefit Plan, neither of which were parties to the settlement agreement. For that reason, the settlement agreement is not binding on the UMWA Combined Benefit Fund and the 1992 Benefit Plan, and the District Court properly found the defendants' argument to be without merit.

The defendants' second contention is that the plaintiffs' claims are barred by the Pennsylvania Wage Payment and Collec-

tion Law's three year statute of limitations. See 43 Pa. Stat. Ann. § 260.9a(9). We reject this contention, as the District Court did, in favor of the six year statute of limitations set forth under ERISA, see 29 U.S.C. § 1451(f), as prescribed by the Coal Act. See 26 U.S.C. § 9271. The plaintiffs' cause of action arose in 1993, and the action was filed in December 1998, well within the six year period. After our plenary review of the record, we conclude that the plaintiffs' action was not barred.

For the foregoing reasons, we will affirm the order of the District Court.